# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN THOMPSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00465-JPG |
| DR. HUGHES LOCHARD, and C/O JOHN DOE, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Shaun Thompson brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was a detainee at the Jefferson County Justice Center. Specifically, Plaintiff alleges Defendants failed to treat his serious medical needs while in custody. He seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).[1]

## Complaint

---

[1] Although Plaintiff appears to have been released from custody since filing this action, it is still subject to screening under 28 U.S.C. § 1915A because he was a detainee when it was filed.

Plaintiff makes the following allegations in the Complaint (Doc. 1): On January 22, 2019, Plaintiff experienced chest pain, tingling in his fingers and "heart fluttering." (*Id.*, p. 1). He pushed the emergency call button (presumably in his cell) and spoke with corrections officer John Doe, asking to be taken to the emergency room. (*Id.*). Doe refused, but did have Plaintiff's blood pressure taken. (*Id.*). His blood pressure registered at 122/86. (*Id.*, p. 3). Dr. Lochard was informed and told Doe to recheck his blood pressure in 2 hours. (*Id.*, p. 1). After two hours, Plaintiff was still complaining of the same symptoms and registered a blood pressure of 105/77. (*Id.*, pp. 1, 3). Lochard ordered that Plaintiff be seen by the nurse in the morning. (*Id.*).

Plaintiff alleges that he should have been take to the emergency room for an EKG because he takes multiple blood pressure medications. (*Id.*, p. 2).

Based on the allegations in the Complaint, the Court finds it convenient to designate the *pro se* action as a single Count:

> **Count 1: Fourteenth Amendment claim for failure to respond in an objectively reasonable manner to a serious medical need against John Doe and Dr. Lochard.**

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

Plaintiff fails to state a claim. The Fourteenth Amendment governs a state's obligations to pretrial detainees.[3] The standard first asks whether a defendant acted purposefully, knowingly, or

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[3] Plaintiff does not plead whether he was a pretrial detainee or a convicted person being housed at the Jefferson County Justice Center. Based on publicly-available records from the Jefferson County Clerk, it

recklessly when they considered the consequences of their handling of the plaintiff's case. *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (*citing Miranda v. Cty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018)). Neither negligence nor gross negligence satisfies this element. *Id.* With respect to the second element, looking at all of the facts and circumstances before the defendant, a court must determine whether the response was reasonable, without taking into account "any subjective belief held by the individual." *Id.*

First, Plaintiff has failed to plead any injury. "[T]here is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic." *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). Plaintiff felt chest pain, tingling and fluttering. He does not allege that any medical intervention was necessary, or that he sustained any injury from not getting his desired trip to the emergency room for an EKG. The fact that Plaintiff did not get what he wanted is not, standing alone, a basis for a claim that he was deprived of a constitutional right.

Further, Plaintiff has not alleged any facts that suggest either John Doe or Lochard acted purposefully, knowingly or recklessly with regard to Plaintiff's condition, or that their actions were objectively unreasonable. Doe provided initial medical care to Plaintiff and consulted with Dr. Lochard. Doe then followed Lochard's direction as to what was the appropriate care—continued monitoring. If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). As to Lochard, he provided instructions for medical monitoring. Plaintiff's claim is that he should have been sent for more extensive monitoring at the local hospital. At most, Plaintiff's Complaint might support a claim that this decision was negligent. But as discussed above, negligence—even gross negligence—is not adequate to support

---

appears that Plaintiff was there pending trial. As such, the Court will accord him the more favorable pretrial detainee standard.

3

a Fourteenth Amendment claim for failure to provide healthcare. Count 1 is therefore dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before August 22, 2019. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00465-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 7/29/2019**

                                                 s/J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before

defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.